UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE

| | |
|---|---|
| CAPT. JOSEPH BAER<br>      Plaintiff,<br><br>vs.<br><br>MV AMERICANA,<br>ABSOLUTE NEVADA<br>      Defendant | Case No.<br><br>SEAMAN'S COMPLAINT FOR UNPAID WAGES UNDER THE SEAMAN'S ACT; ENFORCEMENT OF MARITIME LIEN and BREECH OF WARRANTY OF SEAWORTHINESS<br><br>DEMAND TRIAL BY JURY<br><br>(Pursuant to 28 USC 1916 Plaintiff is Entitled to File Complaint Without Prepayment of Court Filing Fees) |

NOW INTO COURT comes Capt. Joseph L. Baer, in Pro Se, and respectively makes the COMPLAINT of the following to this Honorable Court ....

## I. PARTIES AND JURISDICTION

1. The Plaintiff is Capt. Joseph L. Baer and is a Resident of the Commonwealth of Kentucky.

2. The Defendant is M/V Americana, which is assigned the Official Number 928931 and sails within the jurisdictional boundaries of this District Court. At the time of this filing the vessel's last know position is in Reynolds Park Yacht Center 1063 Bulkhead Rd, Green Cove Springs, FL 32043 within the boundaries of this court. For all material times of this proceeding the vessel is or will be within the jurisdictional boundaries of this District. Court as per Federal Rules of Civil Procedures 9(h)(1).

3. The Defendant Absolute Nevada, LLC is a Nevada Corporation.

4. Absolute Nevada is a Limited Liability Corporation comprised of two members.  Vicki Porter-Hoffman of Midland, Texas and Nashville, Tennessee; Carrol Porter of Midland Texas, per Nevada Secretary of State filings.

5. This is a case of Admiralty Jurisdiction. Plaintiff Capt. Joseph L. Baer, ("Plaintiff") brings and maintains this action under General Maritime Law pursuant to the United States Constitution Article III, Section 2. Jurisdiction is based the Seaman's Act, Federal Rules of Civil Procedures 9(h), 28 USC §1333, AND 46 USC §31342.

6. Venue is proper in this District Court pursuant to 28 USC §1391. Absolute Nevada, LLC has made sufficient minimum contacts within this District and therefore, is deemed to reside within this District for the purposes of venue.

### COUNT I -SEAMAN'S COMPLAINT FOR UNPAID WAGES UNDER THE SEAMAN'S ACT; IN REM TO ENFORCE MARITIME LIEN

7. Defendant, Absolute Nevada had entered into a charter agreement with Plaintiff's company, Grand Majestic Riverboat Company, LLC.

8. On or about the 3rd of October 2019 Absolute Nevada requested, through their broker Chris Pierot, Capt. Baer's help for many issues that arose during a Coast Guard inspection. Absolute Nevada requested Capt. Baer's expertise and to assist in bringing the vessel into compliance because the regular Master of the vessel was working as Master aboard another ship, the M/V National Geographic Quest. Capt. Baer agreed to help but due to the extent of work needed, Capt. Baer made it clear to Mr. Pierot that he could full fill their need but would be done so personally and not in any way connected to Grand Majestic.

9. Capt. Baer surveyed void spaces, arranged for additional services to clean, and descale void spaces, designed and engineered suggestions to bring the vessel into Coast Guard regulation compliance and compliance as per the Charter agreement.

10. Capt. Baer disembarked the MV Americana on or about the 26th of October 2019.

11. On or about the 30th of November 2019 and invoice (Exhibit "A") was sent to Absolute Nevada's principle owner, Vicki Porter-Hoffman, by invoice the amount of $17,095 (Seventeen thousand and Ninety Five Dollar) for the unpaid wages and expenses of this seaman's lien.

12. On or about the 15th of June, 2021, Capt. Baer file his October Seaman's wage Lien (Exhibit "B") with the National Vessel Documentation Center and properly served to the appropriate parties.

## Count II -BREACH OF THE WARRANTY OF SEAWORTHINESS

13. Weak plating and a hole that went through the hull (see attached photos exhibit "C, D, E & F") were discovered by contract work crew cleaning and de-scaling voids in the stern of the ship. Capt. Baer surveyed the damage and ultrasound the hull plate and found the vessel to be unseaworthy. Capt. Baer reported the unsafe and unseaworthy conditions that were found by work crews to Ms. Vicki Port-Hoffman of Absolute Nevada, Absolute Nevada's broker and her attorney Mark Lowe. Capt. Baer's findings only seem to fall on deaf ears.

14. After this discovery, the unseaworthiness of the vessel, relationships between Ms. Porter-Hoffman's agents and Capt. Baer began to deteriorate. The skeleton crew onboard attempted to hide, not inform Coast Guard inspectors of the seaworthiness, and ignore the serious issue at hand. Capt. Baer was ask to step away and his services no longer needed. Capt. Baer left the ship a few days after he realized that Ms. Porter-Hoffmann of Absolute Nevada had no intentions to repair and make the ship seaworthy by repairing the hole and weak and buckled hull plating.

15. Capt. Baer performed his legally bound obligations as a Merchant Marine Officer and as a moral duty as a former Petty Officer of the United States Coast Guard and reported the conditions. Capt. Baer is legally obligated, per 46 U.S.C. § 10908 (Penalty for Sending Unseaworthy Vessel to Sea), to report violations of regulations and unsafe conditions causing a vessel to become unseaworthy to the US Coast Guard. Should Capt. Baer not report the unsafe conditions to the US Coast Guard, criminal action could be taken against Capt. Baer and action taken against his Merchant Mariner's License.

**WHEREFORE,** PLAINTIFF CAPT. Joseph L. Baer prays the following ...

Process in due form of law according to the practices and rules of this Court in cases of admiralty and maritime jurisdiction, issue against MV Americana her engines, gear, tackle, appurtenances and cargo, an order that the MV Americana be seized and citing all persons claiming any interest in it to be cited to appear and answer on oath to each and all matters stated in the above;

That this Court order adjudge and decree that the defendants are liable to the plaintiff and require the defendants to pay

A. the plaintiff the damages sustained by the plaintiff,

B. together with two days wages for everyday the unpaid wages remain unpaid as entitled under 46 USC § 10313(g)(1),

C. pre-judgment interest, punitive damages, plaintiff's cost and expenses incurred, included but not limited to reasonable attorney's fees;

D. That the MV Americana be condemned and be sold to pay the demands stated above, with interests and costs; and

E. Plaintiff receives, any other and further relief as in law and justice as the Plaintiff may be entitled to receive.

F. That this Court order adjudge and decree that the defendants are liable to the plaintiff and require the defendants to pay the plaintiff the damages sustained, but not limited to, two day's pay for every one day that wages remain unpaid 46 USC §10313(g)1, together with pre-judgment interest, punitive damages, plaintiff's cost and expenses incurred, included but not limited to reasonable attorney's fees.

Respectfully Submitted,

_____
Capt. Joseph Baer, Pro Se
633 Brandtly Ridge Dr
Covington, KY 41015
steamboatpilot1975@gmail.com
504-460-2057